Tate et al. *v.* Doe, ex dem. Weir.

TATE and MOORE *vs.* DOE, ex dem. WEIR.

In actions of ejectment, the rule on the subject of cost is, that where the action is undefended and judgment is entered against the casual ejector, no judgment can be rendered for costs.

The only remedy the lessor of the plaintiff has for his costs is an action for mesne profits, which are recoverable as consequential damages at the discretion of the jury. *Held*, that the judgment for cost in this case was irregular.

Where there are several tenants in possession, part of whom are served and part not served with notice, the rule is that a judgment by default may be taken against the casual ejector for those served, but not against the others, unless it appear by affidavit that the parties are joint tenants, in which case service on part will authorize a judgment by default against the casual ejector for all.

The judgment in this case being rendered for the whole premises and against all the tenants, it is erroneous.

IN error from the circuit court of Noxubee county; Hon. John Watts, judge.

This was an action of ejectment, with notice of declaration to Jno. M. Tate, Thos. J. Moore, Alex. Wharton, Rich. J. Swearingen, Joseph Wallis, Jesse W. Glass, and R. H. Grant, — seven tenants in possession. A summons issued, as well as the usual notice, appended to the declaration. Both the summons and the declaration were executed on Tate and on Moore; but on no one else. On the back of the summons, and before its reception and execution by the sheriff, there is this agreement: " In this case we agree that this cause shall be continued to the next of this court, and all persons who are tenants shall be included by agreement, and the issue be made, and proceed to trial without any delay December 22d, 1846." The sheriff received this paper the 1st of June following the agreement; and the term of the court to which it was returnable, was the 2d Monday of the same June. On the 25th of June, 1847, a judgment by default was entered against Tate and Moore, Mr. Roe, as well as they, having made default. They (T. and M.) were taxed with the costs, and a writ of *habeas possessionem* awarded A. G. Weir.

VOL. II.                    40·

Tate et al. *v.* Doe, ex dem. Weir.

*Guion & Baine,* for appellants.

*Harris & Harrison,* for appellee.

Mr. Justice YERGER delivered the opinion of the court.

In this case a declaration in ejectment was filed and notice directed to Tate and Moore and five other persons, as tenants in possession. An ordinary summons was also issued in the case. The notice and summons were only served on Tate and Moore. At the return term Tate and Moore failed to appear, and judgment by default was taken against the casual ejector, and a judgment for costs against Tate and Moore, with an order for a writ of *habere facias possessionem.*

The rule on the subject of costs in ejectment is this: When the action is undefended and judgment is entered against the casual ejector, no judgment can be given for costs. The only remedy the lessor of the plaintiff has for his costs, is an action for mesne profits, in which, at the discretion of the jury, they are recoverable as consequential damages. Adams on Eject. 334. The judgment for costs in this case was, therefore, irregular.

With regard to the judgment by default, where there are several tenants in possession, part of whom are served and part not served with notice, the rule is, that the judgment by default may be taken against the casual ejector for those served, but not against the others, unless it appear by affidavit that the parties are joint tenants, in which case service on part will authorize a judgment by default against the casual ejector for all. Adams on Ejectment, 238.

The judgment rendered in this case, though informal, seems to be for the whole premises, against all the tenants. It is erroneous, therefore, and must be reversed.

Let the judgment be reversed, and the cause remanded.